■ RAMON RODRIGUEZ, Appellant, et al., Plaintiff, v GUILLERMO YATIZ et al., Respondents. [999 NYS2d 868]—

In an action to recover damages for personal injuries, the plaintiff Ramon Rodriguez appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 17, 2013, which granted those branches of the motion of the de-

fendant Guillermo Yatiz and the cross motion of the defendants Edgar Peguero and La Cuesta Transportation, Inc., which were for summary judgment dismissing the complaint insofar as asserted by him against each of them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the motion of the defendant Guillermo Yatiz and the cross motion of the defendants Edgar Peguero and La Cuesta Transportation, Inc., which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ramon Rodriguez against each of them are denied.

The defendant Guillermo Yatiz moved, and the defendants Edgar Peguero and La Cuesta Transportation, Inc., cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ramon Rodriguez against each of them. The several defendants failed to meet their prima facie burden of showing that Rodriguez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Rodriguez's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by Rodriguez in opposition to the motion and cross motion were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Therefore, the Supreme Court should have denied those branches of the motion of Yatiz and the cross motion of Peguero and La Cuesta Transportation, Inc., which were for summary judgment dismissing the complaint insofar as asserted by Rodriguez against each of them. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.